UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tony Taylor, Jr., ) | CASE NO. 5:15 CV 0069 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | Memorandum of Opinion and Order |
| Value Place Motel, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Tony Taylor, Jr. filed this action under 42 U.S.C. § 1983 against the Value Place Motel, Green City Police Officer John Doe #1, Green City Police Officer John Doe # 2, Green City Police Officer John Doe #3, Summit County, Ohio, and the City of Green.  In the Complaint, Plaintiff claims he was arrested and searched without probable cause.  He seeks $590,000.00 in compensatory damages, an unspecified amount for pain and suffering, and an award of legal fees.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2).  That Application is granted.

**BACKGROUND**

Plaintiff indicates he secured a room at the Value Place Motel for himself and a child.  On February 7, 2014, at 4:44 p.m., a motel employee asked for entry to the room to inspect a

stove that was in use at the time. Plaintiff refused the employee entry. The employee summoned law enforcement officers. Plaintiff appears unclear as to which jurisdiction responded to the call. He alternately refers to the officers as Green Police Officers, Summit County Sheriff's Deputies and Green Police Sheriff's. The officers knocked on the door and asked to be admitted to the room. Plaintiff contends he videotaped the incident, and states the officers refused to identify themselves. He states he suffers from mental illness and decided to refuse them entry into the room.

Officers gained entry to the room against Plaintiff's will, and placed him in handcuffs. He indicates they conducted a pat down search without a warrant and when they did not find anything, slammed him to the floor. He states he was arrested and transported to the Summit County Jail. He does not indicate what charges were brought against him. He contends after he was removed, his child, the mother of his child, and her eight-year old child, were evicted from the premises along with their belongings. He contends the charges against him were dismissed seven months later. He asserts that his Fourth and Fourteenth Amendment rights were violated.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual

contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

As an initial matter, Value Place Motel is not a proper party to this § 1983 civil rights action.  To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee.  Value Place Motel is a private entity, not a government agency.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ...

obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

There is no indication in the Complaint that Value Place Motel could be considered a state actor. The Motel summoned law enforcement when a motel guest refused entry for inspection of a stove. These are not actions traditionally reserved to the state, nor can their actions be attributed to the state. They cannot be sued under 42 U.S.C. § 1983.

Plaintiff indicates he is asserting claims based on diversity of citizenship as well as 42 U.S.C. § 1983. He indicates the headquarters of Value Place Motel is in Kansas and his prayer for relief meets the jurisdiction amount in controversy. He, however, does not have an underlying claim other than those he asserted under § 1983. He failed to state a claim for relief under § 1983 against this Defendant.

Moreover, even if the Court could construe a state law claim from the pleading, federal court jurisdiction cannot be based on diversity of citizenship. To establish diversity of citizenship, Plaintiff must establish he is a citizen of one state and all Defendants are citizens of other states. 28 U.S.C. § 1332(a)(1). Plaintiff lists his address as Akron, Ohio. The three John Doe Police Officers, the City of Green and Summit County are also Ohio citizens or entities. Diversity of citizenship is not complete. Federal court jurisdiction cannot be based on diversity of citizenship.

The City of Green and Summit County also are not proper parties to this § 1983 action. As a rule, local governments may not be sued under § 1983 for an injury inflicted solely by

employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint contains no suggestion of a custom or policy of the City of Green or Summit County which plausibly led to the alleged violation of his civil rights. The claims against them appear to be based solely on the improper theory of *respondeat superior* liability, and are dismissed.

      This leaves the claims against the John Doe officers. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff identifies the John Doe Defendants as officers in the Green Police Department, but refers to them in the Complaint as Summit County Sheriff's Deputies, Green Police Sheriffs, and Green Police Officers. He provides no other indication of their personal identity. In the Complaint, he contends "Summit County Sheriff's Deputies illegally and without a search warrant nor probable cause, entered room 308 @ Value Place Motel Fortuna Drive Akron Ohio." (ECF No. 1 at 2). He also states the Green Police Sheriffs refused to identify themselves (ECF No. 1 at 2) and the Green Police gained entry by force, handcuffed

him and detained him illegally without a warrant for his arrest (ECF No. 1 at 2). He states "Green police in a fit of anger slammed Mr. Taylor to the floor while still in hand cuffs." (ECF No. 1 at 2). Even if Plaintiff had provided the names of the officers in his case caption, general allegations against Green Police, or Summit County Sheriff's Deputies, would not be sufficient to hold any individual officer or deputy personally liable. The Complaint contains no facts which personally associates these Defendants to any of the claims set forth by Plaintiff.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted. His claims against Value Place Motel, Summit County and the City of Green are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). His claims against the John Doe Officers are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Patricia A. Gaughan
    PATRICIA A. GAUGHAN
Date: 7/13/15     United States District Judge